**DONG XU ZHAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.**

No. 04–5794–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

**94**

David X. Feng, New York, New York, for Petitioner.

Charles T. Miller, Acting United States Attorney, Joshua C. Hanks, Assistant United States Attorney, the Southern District of West Virginia, Charleston, West Virginia, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Dong Xu Zhao, a citizen of the People's Republic of China, petitions for review of the October 6, 2004 BIA order affirming a decision of Immigration Judge ("IJ") Helen Sichel rejecting his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history of this matter, and the issues on appeal.

"[W]here the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly." *Xue Hong Yang v. United States DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

  Insofar as Zhao seeks review of the denial of his asylum claim, this Court lacks jurisdiction pursuant to 8 U.S.C. § 1158(a)(2)(B) and (3), because these provisions require that an alien file his application for asylum within one year of entry into the United States and that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." Although this Court retains jurisdiction to review constitutional claims and "questions of law" pursuant to 8 U.S.C. § 1252(a)(2)(D), Zhao has challenged only the agency's factual determinations and the agency's exercise of discretion. Moreover, even if this Court had jurisdiction, the record demonstrates that Zhao filed his application nearly two years after he had entered the United States, and he conceded that he did not qualify for any exceptions to this deadline. *See* 8 U.S.C. § 1158(a)(3).

  With regard to the IJ's denial of withholding of removal and CAT relief, substantial evidence supports the IJ's conclusion that Zhao failed to demonstrate a likelihood of future persecution or torture if returned to China. The IJ reasonably concluded that Zhao's testimony had not proven that he left China to evade persecution when Zhao implausibly testified that he had not considered providing government officials with easily available excuses for the escape of the two pregnant women he claims he was attempting to assist and that the only option Zhao and his family considered was that Zhao flee China. The IJ also noted the lack of detail in Zhao's testimony, finding Zhao to have given "essentially an outline of a claim without any of the spontaneous observations and comments [that] are the hallmark of the way people describe events that actually happen[ed]."

With regard to Zhao's failure to provide corroborating statements from his parents, this Court has found that " 'where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided or an explanation should be given as to why such information was not presented.' " *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir.2000) (*quoting In re M–D–*, 21 I. & N. Dec. 1180, 1998 WL 127881 (Mar. 13, 1998)). The record indicates that the suggested corroborating material was accessible, in that Zhao admitted that he was in contact with his parents. Because Zhao admitted that he did not ask his parents to provide statements and stated he had no reason for his failure, the IJ was justified in using the failure to provide this corroborating evidence in assessing Zhao's credibility adversely.

The IJ also reasonably found that Zhao had failed to demonstrate that it is more likely than not that he would be persecuted or tortured upon returning to China. The record does not indicate that Zhao had ever been persecuted in the past. With regard to future persecution, while Zhao testified that he feared being arrested and beaten for releasing the two pregnant women, he also admitted that he did not know the severity of his offense or whether he had violated a law or had merely engaged in misconduct at his job. Furthermore, Zhao's claim is meritless that the IJ erred because she failed to make a finding regarding Zhao's present or future fear of persecution. The record shows that the IJ explicitly stated that he had not met his burden.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of deportation in this proceeding is DENIED as moot. Petitioner's counsel's motion to be admitted pro hac vice motion is also GRANTED.