**AI YUN YANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–1090–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 1, 2006.

Michael Brown, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney, District of Nevada; Robert L. Ellman, Appellate Chief, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ai Yun Yang, a native and citizen of the People's Republic of China, seeks review of a February 14, 2006 order of the BIA affirming the September 27, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Ai Yun Yang,* No. A 78 016 104 (B.I.A. Feb. 14, 2006), *aff'g* No. A 78 016 104 (Immig. Ct. N.Y. City Sept. 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the BIA's and IJ's adverse credibility determinations with respect to Yang's family planning claim. The record supports the BIA's and IJ's observations that Yang testified that she discovered she was pregnant a second time when she went for a gynecological checkup in January 1987, but stated in her written application that she became pregnant a second time in March 1987. In addition, the record supports the BIA's and IJ's view that Yang alternatively explained that she suspected that she was pregnant in January 1987, but nevertheless indicated that she was three months pregnant when she had the alleged forced abortion in June 1987, six months later. Finally, the record reflects that Yang then stated that she did not believe that she was pregnant until March 1987, and that the gynecological exam occurred in April 1987. As pointed out by the BIA, these inconsistencies were material to Yang's family planning claim and were substantial when measured against the entire record. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Moreover, and contrary to Yang's claim, the BIA reasonably rejected Yang's proffered explanation that her lack of education and inability to speak English may have contributed to her confusing testimony, when she had the services of an interpreter during her testimony, and testified clearly about other dates, such as when she was divorced. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Substantial evidence also supports the BIA's and IJ's adverse credibility determinations with respect to Yang's reli-

gious persecution claim. The IJ found it implausible that Yang would be able to obtain her identity card and household register from the public security bureau when Yang testified that it was the public security bureau that arrested her due to her practice of the Tieshan religion. The IJ reasonably relied on this implausibility to support his adverse credibility finding in light of the fact that Yang initially explained that she was able to obtain the documents because they had been issued by the city government, not the village government, but then changed her testimony to indicate that it was the city government that wanted to "harm" her, and not the village government. This implausibility was material to Yang's claim that the village government wanted to arrest her. *See Secaida–Rosales*, 331 F.3d at 308. Further, the IJ reasonably observed that Yang's sister-in-law's letter indicates that Yang was forewarned that she was to be arrested in May 2002 for conducting a religious gathering, and "escaped," but Yang omitted this event from her testimony. This was a material and substantial omission, given that her sister-in-law's letter and her written application indicate that this event precipitated her flight to the United States. *Id.*

Although we have identified some possible errors in the BIA's and IJ's determinations, remand would be futile in this case because the determinations are supported by non-erroneous findings and we can confidently predict that those non-erroneous findings would lead the agency to reach the same decision were the case remanded. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161–62 (2d Cir.2006). Because the only evidence of a threat to the Yang's life or freedom or a risk of torture depended upon her credibility with respect to her family planning claim, the adverse credibility determination in this case necessarily precludes success on this claim for withholding of removal and relief under

the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003); *Xue Hong Yang*, 426 F.3d at 523; *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004). Further, the record also supports the BIA's conclusion that Yang had not met her burden of proving entitlement to withholding of removal or CAT relief based on her religion claim.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).