Jampa CHOEZOM, Petitioner,

v.

IMMIGRATION & CUSTOMS ENFORCEMENT, Respondent.

No. 05–4042–ag.

United States Court of Appeals, Second Circuit.

Dec. 28, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Almon S. Burke, Jr., Assistant United States Attorney, Pittsburgh, Pennsylvania, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jampa Choezom, a Nepali native claiming Tibetan origin, seeks review of a June 22, 2005 order of the BIA adopting and affirming the October 3, 2003 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying Choezom's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jampa Choezom*, No. A95 862 193 (B.I.A. June 22, 2005), *aff'g* A95 862 193 (Immig. Ct. N.Y. City Oct. 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA rejects part of the basis of an IJ's decision, but affirms the holding in every other respect, this Court reviews the IJ's opinion as modified by the BIA.

*Xue Hong Yang v. U.S. DOJ*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

This Court has held that it is error not to address the threshold issue of an applicant's nationality before denying an application for asylum and withholding of removal. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006); *Dhoumo v. BIA*, 416 F.3d 172, 175 (2d Cir.2005). The agency's failure to resolve this question requires remand if there are no other bases on which relief was properly denied. *Wangchuck*, 448 F.3d at 529; *Dhoumo*, 416 F.3d at 175. Here, before the IJ, Choezom denied that she was a citizen of Nepal and presented documentary evidence of her Tibetan nationality as well as evidence that China confers nationality on Tibetan refugees and their descendants who reside outside of China. Choezom

also argued to the BIA that the IJ erred in failing to make a finding as to her nationality. Despite this evidence and argument, neither the IJ nor the BIA resolved or even addressed the nationality issue. Their failure to do so was error requiring remand.

Because we remand this case to the BIA so that it may address the issue of Choezom's nationality in the first instance, we need not—and expressly do not—decide whether the IJ's and BIA's adverse credibility findings were supported by substantial evidence.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.