**YING LIN, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 05–6130–ag.

United States Court of Appeals,
Second Circuit.

Aug. 13, 2007.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Lucinda S. Woolery, Asst. U.S. Atty., Kansas City, MO (John F. Wood, U.S. Atty., on the brief), for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Circuit Judges.

### SUMMARY ORDER

Petitioner Ying Lin, a native and citizen of the People's Republic of China, seeks review of an October 26, 2005 order of the

BIA affirming the June 1, 2004 decision of Immigration Judge ("IJ") Patricia A. Rohan denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Lin,* No. A77 977 209 (B.I.A. Oct. 26, 2005), *aff'g* No. A77 977 209 (Immig. Ct. N.Y. City June 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We conclude that the IJ's adverse credibility finding is supported by substantial evidence. The IJ did not err in finding that the inconsistencies arising out of Lin's airport interview, credible fear interview, first asylum application and her amended application and testimony were substantial. With regard to the application and credible fear interviews, there is no indication from the record that Lin did not understand the interviewers' questions or that her particular circumstances warranted inconsistent responses. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004). Indeed, Lin admitted that she intentionally lied to the interviewers in her first asylum application because a snakehead and, later, her attorney had instructed her to do so.

Because the IJ explicitly considered these explanations and reasonably found that they were insufficient, we are not compelled to conclude otherwise. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005) (the agency need not credit an applicant's explanation for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, the knowing filing of a false asylum application casts a serious shadow on an applicant's overall credibility. While applicants should be encouraged to recant false statements and withdraw false applications, the agency is not required to overlook such falsities in making its ultimate determination.

In addition to Lin's inconsistent statements, the IJ also reasonably relied on Lin's lack of corroborative evidence in reaching her adverse credibility determination. The IJ properly found that the unofficial certificate Lin submitted to the court as evidence of her abortion, as well as the letters from her boyfriend and her mother acknowledging that Lin had an abortion, warranted "diminished consideration." *See Zhou Yun Zhang,* 386 F.3d at 78 (an applicant's failure to corroborate his testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that already has been called into question); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (noting that "the weight to afford such evidence 'lie[s] largely' within the discretion of the IJ").[1] Because the only evidence of a future threat of persecution or torture depended upon Lin's credibility, the IJ's adverse credibility determination necessarily precludes success on her claims for asylum and withholding of re-

---

1. To the extent that Lin argues that the case should be remanded to the BIA so that the abortion certificate may be authenticated, her argument is without merit. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007).

moval. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Finally, because Lin has not made any arguments regarding her illegal departure or CAT claims in her brief to this Court, those claims are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).