**LI XIU WANG, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.

No. 07–1445–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2007.

Jie Han, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa Arnold, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner, Li Xiu Wang, a native and citizen of China, seeks review of a March 8, 2007 order of the BIA affirming the July 27, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wang*, No. A 98 404 048 (B.I.A. Mar. 8, 2007), *aff'g* No. A 98 404 048 (Immig. Ct. N.Y. City July 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision but not all of the IJ's supporting reasoning and also supplements the IJ's decision, this Court reviews the IJ's decision as modified and supplemented by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination, which was based on inconsistencies in Wang's testimony concerning:

(1) whether government officials visited his wife after the birth of their second child; and (2) when his wife was taken to the hospital, how long she remained in the hospital, and when Wang first saw her after her alleged abortion. The agency reasonably relied on the inconsistency between Wang's testimony that the police visited his wife after the birth of their second child and his testimony that his wife had no "conversation" or "contact" with government officials after the birth. Wang admitted that his testimony that the police visited her was not true and his explanation that he made a mistake would not compel a reasonable factfinder to disregard the discrepancy. Moreover, this discrepancy called into question a central element of Wang's claim—whether the Chinese government had any interest in Wang or his wife after the birth of their second child. *See* 8 U.S.C. § 1101(a)(42). Wang's arguments that the IJ did not give him an opportunity to reconcile his testimony and that the IJ's questioning was "confusing and prejudicial" lack merit because the IJ repeatedly asked for an explanation and Wang points to nothing in the record that might have been confusing.

The agency also properly relied on Wang's inability to recount the time frame surrounding his wife's alleged forced abortion. While minor inconsistencies related to dates need not be fatal, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), here Wang admitted that he made statements concerning a material element of his claim that were not true. Moreover, the BIA did not err in finding that Wang's lack of education failed to explain these discrepancies.

Because the only evidence that Wang's life or freedom would be threatened or that he was likely to be persecuted depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Wang did not challenge the agency's denial of CAT relief in this Court, therefore we deem that claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.