**Liaqat ALI, Adeel Liaqat, Petitioners,**

v.

**U.S. DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General of the United States [1], Respondents.**

**Nos. 07–1470–ag (L), 07–1471–ag (con).**

United States Court of Appeals, Second Circuit.

March 18, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Khagendra Gharti–Chhetry, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, U.S. Department of Justice, Civil Division, Ethan B. Kanter, Senior Litigation Counsel, Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondents.

Present: ROSEMARY S. POOLER, B.D. PARKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Liaqat Ali and his son, Adeel Liaqat, natives and citizens of Pakistan, seek review of a March 8, 2007 order of the BIA affirming the July 21, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo pretermitting Ali's asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Liaqat Ali/Adeel Liaqat,* Nos. A76 090 364/95 961 808 (B.I.A. Mar. 8, 2007), *aff'g* Nos. A76

090 364/95 961 808 (Immig. Ct. N.Y. City July 21, 2005).[2] We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Ali has not challenged the agency's pretermission of his asylum application in his brief to this Court. Issues not argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). Therefore, we deem waived any challenge to the denial of Ali's asylum application.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 304 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that the agency's adverse credibility determination was proper, based on the following findings by the IJ: (1) Ali's testimony that he was arrested during a rally on August 14, 1993, Pakistani Independence Day, was inconsistent with documents that he submitted indicat-

---

**2.** Adeel Liaqat is the son of Liaqat Ali. Adeel was included as a derivative applicant on his father's application for asylum. All refer-

ences in this order are to Liaqat Ali ("Ali") alone.

ing that the incident occurred on August 24, 1993; (2) Ali's testimony that he was released in the first week of September 1993 was inconsistent with a bail document that he submitted indicating that he was released on bail in October 1993; (3) Ali's testimony that he was arrested in 1994 on the charges of "vandalism, blocking traffic, and other such crimes" was inconsistent with his own statement, which asserted that he was arrested for harboring absconders; and (4) Ali's testimony that he was beaten after he was arrested in August 1993 was inconsistent with his "written application for relief," which made no mention of that assertion. While Ali was given the opportunity to explain these discrepancies, he failed to provide explanations that would compel a reasonable factfinder to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005).

The IJ also found implausible Ali's claim that the authorities continue to seek his and his wife's arrest, when he also testified that the "fake" charges that had been leveled against him in August 1993 had ultimately been dismissed. This Court will reject an IJ's deductions only when they are based on bald speculation, *i.e.,* when there is a complete absence of probative facts in the record to support them, and will accord deference to those deductions as long as they are "tethered to the evidentiary record." *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). Here, the IJ properly "tethered" his finding that it was unlikely that Ali was sought for arrest by the Pakistani government to Ali's own testimony that the charges against him had been dismissed.

While each of the above-mentioned findings, on its own, might concern matters that are ancillary to Ali's claims of persecution, their cumulative effect was nevertheless deemed consequential by the IJ, and provides substantial evidence for the adverse credibility finding.[3] *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Accordingly, the IJ's denial of withholding of removal is affirmed.

Because the only evidence that Ali was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.

---

3. Because we find that the adverse credibility determination was supported by substantial evidence based on the findings identified above, we need not reach the IJ's finding that Ali's documentary evidence was fabricated.

