**SHOU HUO ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,[1] Respondent.**

No. 07–4268–ag.

United States Court of Appeals, Second Circuit.

Aug. 26, 2008.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Kathleen J. Kelly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shou Huo Zheng, a native and citizen of China, seeks review of a September 11, 2007 order of the BIA affirming the February 15, 2006 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shou Huo Zheng,* No. A 98 559 911 (B.I.A. Sept. 11, 2007), *aff'g* No. A 98 559 911 (Immig. Ct. N.Y. City Feb. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, because Zheng failed to raise any challenge to the IJ's findings that he did not establish that he left China illegally or that he was ineligible for relief based on his mother's sterilization, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

We further find that substantial evidence supports the IJ's adverse credibility determination, which was based on multiple omissions in Zheng's testimony and corroborating evidence and inconsistencies between his testimony and the corroborating evidence he submitted. As the IJ observed: (1) while Zheng's asylum application indicated that he and his friends complained about the village chief's corruption when they posted an article concerning China's family planning policy, he did not testify that they had done so; (2) although he testified that he went directly to the hospital after his first beating, his brother's letter indicated that he first went home; (3) while he testified that the village chief came to his family's home while he and his family were having breakfast, his brother's letter stated that the village chief arrived during lunch, and his father's letter indicated that the village chief arrived in the afternoon; (4) although he testified that his left arm was cut and he had bruises as a result of his first beating, his sister's letter indicated that his head and right hand were injured; (5) while Zheng testified that he was beaten a second time when the village chief arrived at his family's home, his brother's letter failed to mention that Zheng was either present or beaten at that time; and (6) although Zheng testified that he lost his identification card and had it replaced in 2003, the identification card he submitted has an issuance date of 2000.

Zheng does not contest that these omissions and inconsistencies are present in the record; instead, he asserts generally that the IJ failed to credit properly "his reasoned explanations" for them. However, Zheng does not argue, and we cannot find, that a reasonable factfinder would be compelled to credit his explanations. Accordingly, we conclude that the IJ did not err in relying on the inconsistencies and omissions identified above. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

To the extent that Zheng challenges the IJ's other credibility findings, we decline to consider his arguments because even if there were error, remand would be futile as we can confidently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006). Ultimately, substantial evidence supported the IJ's denial of asylum because, taken together, the numerous findings properly relied upon by the IJ provided ample support for his adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Liang Chen v. U.S. Attorney General*, 454 F.3d 103, 106 (2d Cir. 2006).

Because the only evidence that Zheng would be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case precludes success on his asylum, withholding of removal, and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).