08-4682-ag
Wu v. Holder

BIA
Mulligan, IJ
A 099 568 227

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand ten.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
                *Circuit Judges*.

_____

XIU MING WU,
        *Petitioner*,

        v.                                          08-4682-ag
                                                    NAC
ERIC H. HOLDER, JR.,[1] U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Jan Potemkin, New York, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Michelle G. Latour, Assistant Director ; Michele Y.F. Sarko, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Ming Wu, a native and citizen of the People's Republic of China, seeks review of the August 28, 2008, order of the BIA affirming the June 15, 2006, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Ming Wu*, No. A 099 568 227 (B.I.A. Aug. 28, 2008), *aff'g* No. A 099 568 227 (Immig. Ct. N.Y. City June 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562

F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Wu has waived any challenge to the BIA's findings that he failed to establish: (1) past persecution; and (2) his eligibility for CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice). In his counseled brief, Wu devotes no more than a "single conclusory sentence," to these claims. *Id.*

With respect to Wu's claimed fear of persecution if returned to China on account of the birth of his three children, the BIA did not err in finding that his fear was not objectively reasonable. We have previously reviewed the agency's consideration of evidence similar to that which Wu submitted and have found no error in its conclusion that such evidence is insufficient to establish an alien's *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 164-72 (2d Cir. 2008); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Although Wu also argues that he credibly testified that he was "sought for arrest" on account of his resistance to the family planning

3

policy by helping his wife hide from the authorities, that argument misrepresents the record. Wu merely testified that he left China because he was "afraid that the government would arrest him" for violating the policy. He presented no evidence that the Chinese authorities were actually seeking to arrest him. Furthermore, as the BIA noted, Wu claims that his wife has already been sterilized and that the fine for violating the family planning policy has been paid; Wu presented no evidence that the Chinese government is seeking to impose any further punishment on either him or his wife. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Finally, Wu failed to establish that any punishment imposed on him for "fleeing from China" would rise to the level of persecution. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk