**Xue Hong YANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and Attorney General Gonzales,\* Respondents.**

**Docket No. 03–40774.**

United States Court of Appeals, Second Circuit.

Argued: Aug. 2, 2005.

Decided: Oct. 11, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Bruno J. Bembi, Hempstead, N.Y., for petitioner.

Elizabeth L. Collins, Assistant United States Attorney for the Central District of Illinois, for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y., for respondents.

Before: CALABRESI and RAGGI, Circuit Judges, and COTE, District Judge.**

CALABRESI, Circuit Judge.

Petitioner Xue Hong Yang ("Yang") appeals from an order of the Board of Immigration Appeals ("BIA") which affirmed the decision of an Immigration Judge ("IJ") denying her requests for asylum and for withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a), 1231(b)(3), and for withholding of removal under the United Nations Convention Against Torture ("CAT"),

** The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 1208.16.

The key to Yang's asylum and withholding claims is that she was forcibly sterilized by Chinese authorities for violating China's "one child" policy. The IJ found Yang's assertion of forced sterilization not credible.

■ Ordinarily, we review the BIA's decision, but where the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). Here, because one ground given by the IJ for denying Yang relief—that even if Yang had been, in fact, forcibly sterilized, the very fact of her sterilization would preclude her having a well-founded fear of future persecution—had been undermined by a previous BIA ruling, the BIA rejected this basis for the IJ's decision. *In re Y–T–L–*, 23 I. & N. Dec. 601, 605, 2003 WL 21206539 (BIA 2003). But the BIA's one-paragraph decision affirmed the IJ's holding in every other respect. Accordingly, we review the judgment of the IJ as modified by the BIA's decision—that is, minus the single argument for denying relief that was rejected by the BIA.

■ We uphold the factual findings of the BIA or IJ so long as they are supported by substantial evidence in the record, *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam), and, in applying the substantial evidence standard, we afford particular deference to credibility findings, *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997). In the case before us, it is clear that the IJ's determination that Yang was not credible with respect to her claim of forcible sterilization was supported by substantial evidence, and that the IJ could reasonably conclude that this lack of credibility fatally undermined her requests for asylum and withholding of removal under the INA.

■ As a result, Yang's petition for review could be denied summarily, were it not for Yang's contention that the BIA and IJ failed to give due consideration to her request for withholding of removal under the CAT. In this connection, Yang makes two arguments. The first is that, as an opponent of Chinese family planning and a person who left China illegally, she would face detention and torture if she were returned to China. This argument, however, is not supported by evidence sufficient to meet Yang's burden of showing that "it is more likely than not that [she] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see also Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 133–34 (2d Cir.2003).

■ Yang's second argument—that credibility findings made for the purpose of determining an asylum claim must not be allowed to "bleed through" to taint a CAT claim, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir.2004) (quoting *Zubeda v. Ashcroft*, 333 F.3d 463, 476 (3d Cir.2003))—requires more discussion. In essence, Yang contends that forcible sterilization constitutes a form of ongoing torture, and since the BIA has not adequately considered Yang's torture-by-forced-sterilization claim, the order denying Yang's CAT claim must be vacated and the case remanded to the BIA for further consideration.

The BIA has held that forced sterilization constitutes a form of permanent and continuing persecution that qualifies an alien for asylum under the INA. *In re Y–T–L–*, 23 I. & N. Dec. at 606–07. But neither the BIA nor this Court has to date determined whether forced sterilization amounts to torture that persists into the future, such that a victim of forced sterilization automatically qualifies for withhold-

ing under the CAT. And we need not decide that question today, as Yang's argument that the IJ's adverse credibility finding for the purpose of her asylum claim may not be allowed to taint her CAT claim rests on a misinterpretation of *Ramsameachire.* Here, unlike *Ramsameachire,* the IJ validly found, on the basis of inconsistent and implausible statements by Yang and her husband, that Yang had failed to establish a particular fact—Yang's forced sterilization—and that fact formed the only potentially valid basis for Yang's CAT claim. In such a case, the affirmable finding of the IJ that this key fact was not established fatally undercuts Yang's CAT claim.

It is useful to compare the very different situations involved in *Ramsameachire* and *Zubeda* with the case before us. In *Ramsameachire,* the petitioner claimed, in seeking asylum, that he had been persecuted in Sri Lanka for his suspected involvement with a radical Tamil group. The petitioner also requested withholding under the CAT on the ground that the government of Sri Lanka persecuted Tamils, and in particular, Tamil returnees who had sought asylum abroad. Having concluded that his past persecution narrative was not credible, the IJ denied the petitioner's CAT request, and did so notwithstanding the completely separate factual basis for the petitioner's CAT claim. This Circuit vacated and remanded to the BIA so that the merits of the petitioner's CAT claim could be addressed.

In *Zubeda,* the petitioner claimed in her asylum application that she had been taken captive and raped by soldiers fighting in the Democratic Republic of Congo's civil war, and she requested withholding under the CAT on the basis that she would face detention and rape if returned to the Democratic Republic of Congo. The BIA held that the IJ's adverse credibility finding with respect to her past persecution was conclusive with respect to her CAT claim. The Third Circuit vacated, noting that "claims for relief under the Convention are analytically separate from claims for asylum." 333 F.3d at 476 (quoting *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001)).

Because they did not depend exclusively on a factual predicate that the petitioners had failed to establish, the CAT claims in *Ramsameachire* and *Zubeda* were indeed analytically separate from the asylum claims. In such cases, the "bleeding over" of adverse credibility findings into independent claims has been deemed to be an error sufficient to justify vacatur. In Yang's case, by contrast, there is no impermissible "bleeding over." Rather, the IJ's adverse credibility finding goes precisely to the point that Yang had to prove in order to make out her forced-sterilization-as-torture argument, and, hence, to qualify for withholding under the CAT. There may be cases where the relationship between credibility determinations and CAT claims is unclear, and where, therefore, more specific discussions on the part of the IJ and BIA are appropriate. In the case before us, however, both the scope of the IJ's credibility finding and its fatal effect on the factual basis of Yang's CAT claim are readily apparent. Accordingly, her CAT claim must fail.

For the foregoing reasons, the petition for review is DENIED, and the outstanding motion for a stay of deportation is DENIED.