SUMMARY ORDER
Da Hua Wang petitions for review of the BIA decision affirming the decision of an Immigration Judge (“IJ”) denying his applications for asylum and withholding of removal. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA affirms the IJ’s decision in all respects but one, this Court reviews the IJ’s decision as modified by the BIA decision, i.e., “minus the single argument for denying relief that was rejected by the BIA.” Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. *489 § 1252(b)(4)(B); Secaida-Rosales v. INS, 331 F.3d 297, 306-07 (2d Cir.2003).
The IJ denied Wang’s asylum claim not only because she found that Wang was incredible, but also because Wang failed to demonstrate by clear and convincing evidence that he filed his application for asylum within one year of entry into the United States. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency’s finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and “questions of law,” Wang has challenged only factual determinations and the agency’s exercise of discretion. The Court, therefore, lacks jurisdiction to review the agency’s denial of asylum, see Joaquin-Porras v. Gonzales, 435 F.3d 172, 178-80 (2d Cir.2006), and that portion of the petition requesting review of the asylum claim is dismissed.
The IJ denied Wang’s withholding of removal claim based on his incredible testimony. In affirming this finding, the BIA pointed to “inconsistencies and omissions regarding dates and events that are central to [Wang’s] persecution claim.” The inconsistencies and omissions that the IJ discussed in her opinion are all directly related to the issue of the one-year filing deadline for asylum relief—that is, the IJ’s adverse credibility finding is based entirely on the two medical documents Wang submitted to prove that he remained in China until late November 2002, and on Wang’s inability to remember key details regarding his travels to the United States. "While these findings are relevant to the one-year bar under 8 U.S.C. § 1158(a)(2)(B), they do not provide a reasonable basis for finding Wang incredible with regard to his claim for withholding of removal, because they do not involve the heart of that claim—namely, that Wang’s wife was forced to undergo an abortion in China. In fact, Wang was unable to present his claim that he suffered past persecution and fears future persecution, because the IJ pretermitted his applications for relief before he was given the opportunity to testify to this claim. For these reasons, the BIA’s determination that Petitioner was ineligible for withholding of removal is not supported by substantial evidence.
Petitioner has advanced no argument in support of his CAT claim, and it is, therefore, waived.
For the foregoing reasons, we DISMISS that portion of the petition seeking review of the denial of the asylum claim. We GRANT the remainder of the petition, VACATE the BIA’s decision, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).