**XIN LI, Petitioner,**

v.

**ATTORNEY GENERAL, United States of America, Respondents.**

No. 03–40991–ag.

United States Court of Appeals,
Second Circuit.

Oct. 23, 2006.

Man C. Yam, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Brenda Sannes, Senior Litigation Counsel, William C. Pericak, Paul D. Silver, Assistant United States Attorneys, Albany, New York, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Xin Li, a native and citizen of the People's Republic of China, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Alan Page's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Xin Li,* No. A 77 692 388 (B.I.A. Oct 29, 2003), *aff'g* No. 77 692 388 (Immig. Ct. N.Y. City Apr. 4, 2002). We presume the parties'

familiarity with the underlying facts and procedural history of the case.

## A. Asylum

### 1. Inconsistencies undermining Li's credibility

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA rejected the IJ's finding regarding Li's identification number as support for the denial of relief, and, therefore, we will not review that finding.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

▮ Upon a review of the record, we conclude that the IJ based his adverse credibility finding on several valid grounds which, taken together, provide substantial evidence to support the IJ's conclusions. In particular, the IJ based his conclusions on (1) the fact that the statements of petitioner and petitioner's wife were written "in very similar language" with sentences that were "virtually the same," despite petitioner's claim that he did not tell his wife what to write; (2) the implausibility of petitioner's assertion that the pictures he submitted to the IJ were pictures of himself that his mother-in-law took as a precaution when he was in the hospital after allegedly being injured by Chinese authorities; (3) the failure of petitioner's wife to mention in her statement that she had intended to leave China, or to corroborate petitioner's assertion that they intended to leave together and traveled to Beijing for that purpose; (4) the apparent contradiction between petitioner's statement that he and his wife tried to have another baby after his wife's abortion and his subsequent statement that they did not try to have a baby after the abortion.

Each of these observations by the IJ concerned events or statements relating to alleged acts of persecution by Chinese authorities and, therefore, they constituted "specific, cogent reasons" that bore a "legitimate nexus" to petitioner's claims. *Secaida–Rosales,* 331 F.3d at 307. Although a reasonable fact-finder reviewing the same facts and evidence might have concluded that the petitioner's claims were credible, there is nothing in the record that would clearly "suggest, much less compel" such a conclusion. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106 (2d Cir.2006). The above-noted observations by the IJ are sufficient to allow a "reasonable adjudicator," 8 U.S.C. § 1252(b), to conclude that petitioner's account of his persecution was not credible. Accordingly, the IJ's decision was supported by substantial evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156–58 (2d Cir.2006).

The IJ noted the lack of corroborating evidence from petitioner's sister and brother-in-law but did not explicitly assert that such evidence would have been "rea-

sonably available," *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir.2005), to petitioner. Nonetheless, we conclude that remand on this basis would be inappropriate. The absence of such corroborating evidence was not the only, or even primary, basis for IJ's adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). ("[I]t is inappropriate to base a credibility determination *solely* on the failure to produce corroborative evidence.") (emphasis added) Moreover, the IJ's observation was not an entirely independent basis for the adverse credibility determination; rather, it appears the observation was made in light of the IJ's valid doubts about the authenticity of the statement from petitioner's wife. We can therefore "confidently predict," *Xiao Ji Chen*, 434 F.3d at 158, that the BIA would reach the same result on remand.

Moreover, although we have doubts as to whether the potential discrepancy noted by the IJ regarding the fine imposed by Chinese authorities was central or compelling enough to independently support the IJ's adverse credibility determination, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), we conclude that the IJ's credibility determination was nonetheless supported by substantial evidence, *see Liang Chen*, 454 F.3d 103, 106–07 ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission before using it as the basis of an adverse credibility determination."); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters 'collateral or ancillary to the claim' . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder."). In particular, we are convinced that the several, proper grounds for the IJ's decision noted above would lead the IJ to the same conclusion even

absent any reliance on testimony regarding the fines imposed by the Chinese government. *See Liang Chen*, 454 F.3d at 107 ("[The IJ] may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.") (internal quotations omitted).

## B. Withholding of Removal, CAT Relief, and Request for Remand

█ Li waived his claims for withholding and CAT relief by failing to argue them before this Court, and, therefore, we will not address those claims. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). To the extent that the BIA construed Li's request for him to submit additional statements from relatives in China as a motion to remand, Li did not argue before this Court that the BIA erred in its denial of this motion. Nowhere did he argue that he should have an opportunity to submit further evidence or that the BIA erred in its determination that Li failed to demonstrate that such evidence was previously unavailable. Therefore, this Court will not address the BIA's denial of this motion. *See Yueqing Zhang*, 426 F.3d at 546 n. 7.

We have considered petitioner's remaining claims and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).