**YU HUA XIAO, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Department of Justice, Respondent.**

No. 04–5736–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada; Roger W. Wenthe, Assistant United States Attorney, Las Vegas, NV, for Respondent.

Present: ROGER J. MINER, JOS É A. CABRANES, ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Yu Hua Xiao, a citizen of the People's Republic of China, petitions for review of an October 14, 2004 order of the BIA, *In re Yu Hua Xiao*, No. A 73 537 023 (B.I.A. Oct. 14, 2004), affirming a July 29, 2003 decision of Immigration Judge ("IJ") Jeffrey S. Chase rejecting Xiao's application for asylum and withholding of removal, *In re Yu Hua Xiao*, No. A 73 537 023 (Immig. Ct. N.Y. City July 29, 2003). We assume the parties' familiarity with the underlying facts and the procedural history.

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *see also Xue Hong Yang v. DOJ*, 426 F.3d 520, 522 (2d Cir.2005) (finding that, when the BIA affirms the IJ's holding in all but one respect, "we review the judgment of the IJ as modified by the

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

BIA's decision"). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In this case, we cannot conclude that the IJ's adverse credibility determination is supported by substantial evidence, largely because of the IJ's conduct during Xiao's hearings. The record reflects that Xiao often had difficulty understanding the IJ's questions and that the IJ became exasperated, occasionally seeming to chastise Xiao for not understanding.

During the hearing, the IJ informed Xiao, whose initial asylum application was prepared by a non-attorney working for an "agency," that "[a]gencies are criminals. Agencies are lying scum. Agencies are the worst human beings on the face of the earth." The IJ then questioned Xiao about how accurately Xiao's application— prepared by the agency—reflected the information he provided to the preparer. Later, in an effort to "teach" Xiao "how it's possible that [Xiao] told [the agency] one thing and they wrote something else," the IJ asked Xiao certain questions, wrote false answers, and then asked Xiao if it was true, for example, that his name was "Chou En–Lai" and that he served as

"president of the United States of America."

At another point, the IJ asked Xiao about one of his written submissions, and Xiao answered by discussing his testimony at a prior hearing. The IJ responded as follows: "Sir, I don't want to hear you talk about the hearings ever again. I don't want to hear the word hearing. I don't want—the hearings never happened, okay?"

In sum, the conduct of the IJ makes it impossible for us to evaluate whether the asserted testimonial inconsistencies and discrepancies among the stories in Xiao's testimony and his documents render him not credible. It may be that Xiao is not a reliable witness and that his testimony and documentation are insufficient to meet his burden in proving an asylum claim. On the record before us, however, we cannot know.

We note that Judge Chase's behavior has been questioned in prior decisions of ours. *See, e.g., Guo–Le Huang v. Gonzales*, 453 F.3d 142, 148–49 (2d Cir.2006) (describing biased treatment of applicant); *id.* at 150 (collecting prior cases). As we did in *Guo–Le Huang*, we vacate the BIA's order and remand with instructions to assign the matter to a different IJ.

For the foregoing reasons, the petition for review is GRANTED, the BIA order is VACATED, and the case is REMANDED to the BIA for further consideration and assignment to a new immigration judge. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).