Cherif Mamadou DIA, Petitioner,

v.

## DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 07–0839–ag.

United States Court of Appeals, Second Circuit.

Jan. 3, 2008.

Theodore Vialet, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Susan Houser, Senior Litigation Counsel; Sarah Maloney, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Present: JON O. NEWMAN, GUIDO CALABRESI, and HON. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Petitioner Cherif Mamadou Dia, allegedly a native and citizen of Mauritania, seeks review of a February 6, 2007 order of the BIA affirming the June 22, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cherif Mamadou Dia,* No. A 95 148 920 (B.I.A. Feb. 6, 2007), *aff'g* No. A 95 148 920 (Immig. Ct. N.Y. City, June 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the agency's factual findings, including adverse credibility de-

terminations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Dia asserts that the IJ erred in pretermitting his asylum application for insufficient evidence of timeliness. *See* 8 U.S.C. § 1158(a)(2)(B). He claims that because he came to the United States "with a fraudulent passport that he had to return to Africa," it was "impossible" for him to provide the type of documentation that the IJ deemed necessary to establish his date of entry. This argument challenges only "the correctness of the [IJ's] factual findings" with respect to whether Dia established his claimed date of entry into the United States. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). Accordingly, we are without jurisdiction to review Dia's challenge to the agency's pretermission of his asylum claim, *see* 8 U.S.C. §§ 1252(a)(2)(D), 1158(a)(3), and we dismiss that aspect of Dia's petition for review. We may, however, consider Dia's challenge to the agency's denial of his claims for other forms of relief.

In his brief to this Court, Dia argues that remand is appropriate because the BIA's decision was based on an erroneous adverse credibility finding.[1] We agree

---

1. In his appeal to the BIA, Dia failed to challenge the IJ's adverse credibility finding in any respect. Ordinarily, such failure would render his challenge to that finding unexhausted, and we would decline to consider it.

Because the BIA addressed several of the IJ's inconsistency findings, however, we deem the issue exhausted. *See Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1993) (finding that if the

that the IJ's discussion of credibility was not without error. Specifically, the IJ found, and the BIA agreed, that Dia's testimony regarding his father's confrontation with the soldiers (Dia stated that his father defended himself with a piece of iron metal) was inconsistent with Dia's asylum application (he indicated that his father used an axe). But these two accounts are not truly inconsistent, and, in any case, when Dia was asked directly whether his father tried to attack one of the soldiers with an axe, he stated "Yes." Accordingly, the IJ should not have relied on this minor and dubious discrepancy.

Remand in this case would be futile, however, because of the significant inconsistencies that the IJ appropriately took into account. *See Cao He Lin,* 428 F.3d at 401–02 (stating that remand would be futile where "overwhelming evidence supporting the administrative adjudicator's findings makes it clear that the same decision would have been reached in the absence of the errors"). First, Dia testified that he was not beaten by soldiers, but he indicated in his written application—in three separate places—that after his father was killed, "the rest of us [were] severely beaten." When confronted with this inconsistency, DIA gave an explanation—that maybe the interpreter misunderstood him—that the IJ did not find persuasive, and that a reasonable fact-finder would not be compelled to credit. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Second, Dia testified that after the soldiers shot his father, they took Dia and the others *directly* to the Senegalese river, stopping nowhere else along the way; ultimately, they settled in the refugee camp of Galoya. Dia's asylum application also mentions the refugee camp of Galoya, but its account of Dia's travel

there differs markedly from his testimony. For example, the application indicated that after the soldiers shot Dia's father but before they took Dia to the river, the soldiers brought Dia to the camp of Mbagne. When Dia was confronted with this inconsistency, he again provided an explanation that the IJ properly declined to credit: he stated first that the camp was "by the river"; then, when pressed, that he went to the camp "after we crossed the river," and that he went to no other camp besides that. These inconsistencies, which are material to Dia's claim that soldiers expelled him from Mauritania, substantiate the IJ's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Because we are confident that the IJ would reach the same credibility determination upon a reconsideration cleansed of errors, we conclude that Dia's claim for withholding of removal was properly denied. And because "the IJ's adverse credibility finding goes precisely to the point" that Dia had to prove in order to make out his claim for withholding of removal under the CAT, we conclude that relief under the CAT was also properly denied. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). To the extent that we do not dismiss the petition for review, therefore, we deny it.

We have considered all the petitioners arguments and we find them without merit. Accordingly, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argu-

BIA addresses issues not raised by a petitioner, those issues are considered exhausted and

may be reviewed by this Court).

ment in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).