09-3567-ag
Acosta-Serna v. Holder

BIA
Owens, IJ
A078 308 333

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand ten.

PRESENT:
ROGER J. MINER,
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
            *Circuit Judges*.
_____

FRANCISCO ANTONIO ACOSTA-SERNA,
            *Petitioner*,

            v.                                    09-3567-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.
_____

FOR PETITIONER:        Glenn L. Formica, New Haven, CT.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Carl McIntyre, Jr.,
                       Assistant Director; Steven F. Day,
                       Trial Attorney, Office of
                       Immigration Litigation, United

**States Department of Justice,**
**Washington, DC.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Antonio Francisco Acosta-Serna, a native and citizen of Colombia, seeks review of a July 23, 2009 order of the BIA, affirming the November 5, 2007 decision of Immigration Judge ("IJ") Robert P. Owens, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Antonio Francisco Acosta-Serna*, No. A078 308 333 (B.I.A. July 23, 2009), *aff'g* No. A078 308 333 (Immig. Ct. Hartford, CT Nov. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's finding that

Acosta-Serna failed to demonstrate that he suffered past persecution. In order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). During his merits hearing, Acosta-Serna testified that he was harassed on two occasions by unknown persons. Acosta-Serna asserts that these incidents rose to the level of persecution and that the agency failed to consider his claim in the aggregate. While Acosta-Serna is correct that the agency must consider the applicant's experiences in the aggregate, the IJ did so in his case. *See Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289-90 (2d Cir. 2007). Moreover, the IJ did not err in concluding that the two incidents Acosta-Serna described, during which he was threatened but not harmed physically, did not rise to the level of persecution. *See Ivanishvili*, 433 F.3d at 341; *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Absent past persecution, an applicant may establish eligibility for asylum by showing that he subjectively fears persecution on account of an enumerated ground and that his

fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Here, the IJ reasonably held that Acosta-Serna failed to demonstrate that he has a well-founded fear of future persecution. As the IJ found, Acosta-Serna's argument that he would be kidnapped by members of the FARC was too speculative to merit relief, because after he resigned his position as a union representative, he was not threatened again. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (explaining that a fear is not objectively reasonable if it lacks "solid support in the record"). The fact that Acosta-Serna's family remains unharmed in Colombia further undermined her claim, particularly because his wife was also a teacher, and thus, similarly situated to him. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that because the asylum applicant's mother and daughters continued to live in petitioner's native country, her claim of a well-founded fear was diminished). Thus, the IJ's denial of Acosta-Serna's application for asylum was supported by substantial evidence.

Because Acosta-Serna based his claims for withholding of removal and CAT relief on the same factual predicate as

his asylum claim, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk