Lin v. Lynch

BIA
Abrams, IJ
A098 230 362

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of January, two thousand sixteen.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

YI TU LIN,
        *Petitioner,*

        v.                      14-1730
                                   NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Todd Cochran, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Tu Lin, a native and citizen of the People's Republic of China, seeks review of a May 1, 2014, decision of the BIA affirming a November 1, 2011, decision of an immigration judge ("IJ") denying Lin's application for asylum and withholding of removal. *In re Yi Tu Lin,* No. A098 230 362 (B.I.A. May 1, 2014), *aff'g* No. A098 230 362 (Immig. Ct. N.Y. City Nov. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA did not adopt or affirm the IJ's adverse credibility determination, that finding is not before this Court. *Id.* The applicable standards of review are well established. *See* 8

2

U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Lin alleges a fear that Chinese authorities will persecute him if he returns to China because of his practice of Christianity. However, the agency did not err in concluding that Lin's fear was not objectively reasonable. Lin did not allege past persecution, and thus was required either to show that he would be singled out individually for persecution, or that the Chinese government engages in a pattern or practice of persecuting similarly situated persons. 8 C.F.R. § 1208.13(b)(2)(iii). He submitted no evidence that he would be singled out individually for persecution, that is, he did not assert that Chinese authorities are aware of his practice of Christianity.

Nor did Lin establish a pattern or practice of persecution of similarly situated individuals. A pattern or practice is the "systemic or pervasive" persecution of a group. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005). The record contains some evidence showing that Christians are persecuted, but it also contains ample evidence suggesting that the targeting is localized and not systemic throughout China. Accordingly, the

agency did not err in finding that Lin's pattern or practice claim failed. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (factfinder's choice between two permissible views of the evidence cannot be clearly erroneous); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169-72 (2d Cir. 2008) (no error in BIA's evidentiary framework requiring applicant to show persecution in his local area where punishment varies by region). Further, Lin's testimony that his pastor was proselytizing in China, and had safely made such a trip before, undercuts his claim that the Chinese government generally persecutes people similarly situated to Lin, i.e., members, not leaders, of underground churches.

Since Lin did not meet his lower burden of establishing eligibility for asylum, he cannot meet the higher standard required to show entitlement to withholding of removal. *See Jian Hui Shao*, 546 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

4

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5