Zheng v. Barr

BIA
Loprest, IJ
A205 611 211

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of July, two thousand nineteen.

PRESENT:
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*
_____

JINWEN ZHENG, AKA JIN WEN ZHENG,
        *Petitioner,*

        v.                                    17-2476
                                              NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Kohsei Ugumori,
                         Senior Litigation Counsel; David
                         Kim, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinwen Zheng, a native and citizen of the People's Republic of China, seeks review of a July 20, 2017, decision of the BIA affirming an October 28, 2016, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinwen Zheng,* No. A 205 611 211 (B.I.A. July 20, 2017), *aff'g* No. A 205 611 211 (Immig. Ct. N.Y. City Oct. 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and address only the grounds for denial relied on by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we address only the agency's determination that, assuming credibility, Zheng failed to establish a well-founded fear of persecution. The applicable standards of

2

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Zheng became a Christian while in the United States and alleged a fear of persecution in China because he would continue to practice Christianity if removed.  Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either "a reasonable possibility he . . . would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting individuals similarly situated to him.  8 C.F.R. § 1208.13(b)(2)(iii).  Where, as here, an alien expresses a fear based on activities undertaken in the United States, he "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

3

The agency reasonably concluded that Zheng failed to establish a reasonable possibility that he would be singled out for persecution on account of his practice of Christianity. Zheng admitted that the Chinese government does not currently know that he is a Christian. *See id.* And the agency reasonably concluded that there was insufficient evidence that Zheng's activities would be so prominent as to bring him to the attention of Chinese authorities because Zheng did not testify that he evangelized in public places but only to his friends and family. The agency also reasonably concluded that authorities were unlikely to become aware of Zheng's attendance at an unauthorized church in China because the State Department Report provided that there are an estimated 45 million Protestant Christians in China not affiliated with the government-sponsored church and that efforts to restrict participation in unregistered churches varied by region. *See id.*

For similar reasons, the agency did not err in determining that Zheng failed to establish a pattern or practice of persecution of individuals like Zheng. *See id.* The country conditions evidence established that policies

targeting Christians attending unregistered churches are not implemented evenly throughout China and that the Chinese government is more likely to target more prominent members of the underground Christian community than Zheng. For example, the State Department Report largely discusses the targeting of pastors. Moreover, the reports of the arrest of church participants in some regions is insufficient to show pervasive persecution of individuals participating in unregistered churches because there are tens of millions of practicing Christians and restrictions on religious freedom vary by region. Thus, the agency did not err in determining that Zheng failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern and practice of persecution in China. *See In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009).

Accordingly, because the agency reasonably found that Zheng failed to demonstrate a well-founded fear of persecution as needed for asylum, it did not err in finding that Zheng failed to meet the higher standard for withholding

of removal and and CAT. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```