*Fuentes-Duarte v. Garland*

BIA
Conroy, IJ
A206 510 053/054

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand twenty-three.

PRESENT: JOSEPH F. BIANCO,
BETH ROBINSON,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

REINA ONDINA FUENTES-DUARTE, M. E. C-F,
*Petitioners*,

v.                                                              21-6443-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONERS:            James D. Brousseau, Brousseau & Lee PLLC, Falls Church, VA.

FOR RESPONDENT:            Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Reina Ondina Fuentes-Duarte and her minor child, both natives and citizens of Honduras, seek review of a July 13, 2021, decision of the BIA affirming an October 10, 2018, decision of an Immigration Judge ("IJ") denying Fuentes-Duarte's application for asylum and withholding of removal.[1]  *In re Reina Ondina Fuentes-Duarte, M. E. C-F,* Nos. A206 510 053/054 (B.I.A. July 13, 2021), *aff'g* Nos. A206 510 053/054 (Immigr. Ct. N.Y.C. Oct. 10, 2018).  We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision "as modified by the BIA's decision." *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We assume for purposes of this decision that petitioner was credible, and we address here only whether she has established a nexus to a protected ground.  Fuentes-Duarte's brief does not address the claim she made before the IJ that she was a member of a particular social group made up of "victims and witnesses to gang crimes who report those crimes to authorities in Honduras." Certified Administrative Record ("CAR") at 58.  Accordingly, that claim is waived and we do not consider it.  *See Chevron Corp. v. Donziger*, 990 F.3d 191, 204 n.8 (2d Cir. 2021) ("Issues not sufficiently

---

[1] Fuentes-Duarte has conceded that she waived her claim under the Convention Against Torture before the BIA.  *See* Petitioner's Br. at 9.

argued in the briefs are considered waived and normally will not be addressed on appeal." (citation and quotation marks omitted)).

The sole issue before us is the agency's conclusion that Fuentes-Duarte failed to demonstrate that gang members robbed, shot at, and threatened her because of her political opinion or a political opinion that the perpetrators imputed to her.   We review the agency's findings of fact for substantial evidence and questions of law *de novo*.   *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B) (emphasis added).

To establish eligibility for asylum and withholding of removal, Fuentes-Duarte must establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" her persecution.   8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022).   In other words, the petitioner must demonstrate a nexus between the persecution she suffered or fears she will suffer, and her political opinion.   To do that, she must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [her] political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).   A political belief, for these purposes, "must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities."   *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–200 (2d Cir. 2021) (citations omitted).   "The persecution may also be on account of an opinion *imputed* to the

3

applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020).  Whether an applicant's activity is an "expression of a political opinion involves a context-specific, case-by-case determination."  *Ruqiang Yu v. Holder,* 693 F.3d 294, 298 (2d Cir. 2012).

Even assuming that petitioner has adequately asserted a political belief, she has not established a nexus to the persecution she describes.   Fuentes-Duarte offered no evidence that the individuals who tried to rob her and shot at her, or who threatened her, were gang members, nor did she offer any evidence connecting her report to the police to these events. Pressed by the IJ to identify who threatened her, she testified that she did not know but that gangs were active and harming people.  *See* CAR at 101–02.   Petitioner admitted that her attackers were motivated by money, undermining her claims that the attacks and threats were motivated by her political opinions.   Random violence for criminal purposes "neither supports a well-founded fear of persecution on account of a [protected] ground . . . nor constitutes past persecution."  *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'").   On the record before it, the agency did not err in concluding that petitioner failed to meet her burden to establish a nexus to a protected ground.  *See Yueqing Zhang*, 426 F.3d at 545 (requiring evidence of persecutor's motive).

The failure to establish a nexus is dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court