08-5596-ag
Spaho v. Holder

BIA
A 078 971 111

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of July, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
        PETER W. HALL,
            *Circuit Judges.*

_____

ARMAND SPAHO,
        *Petitioner,*

        v.                                    08-5596-ag
                                              NAC
ERIC H. HOLDER, JR.,* UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Charles Christophe, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney

---

     * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

General; Richard M. Evans, Assistant Director; Kevin J. Conway, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Armand Spaho, a native and citizen of Albania, seeks review of a November 5, 2008 order of the BIA affirming the March 13, 2007 decision of Immigration Judge ("IJ") Alan A. Vomacka denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Armand Spaho*, No. A 078 971 111 (B.I.A. Nov. 5, 2008), *aff'g* No. A 078 971 111 (Immig. Ct. N.Y. City March 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

The IJ's adverse credibility determination was supported by substantial evidence. Contrary to Spaho's argument, the IJ reasonably found that his testimony, describing a scar on his back, contradicted his later testimony that the same scar was on his chest or on his side, despite Spaho's assertion that he simply used the wrong terminology to describe its location. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Furthermore, the IJ did not err in finding that Spaho's testimony that his father was discharged from the police department in January 1997 by the opposition party, conflicted with the documentary evidence that his father was fired in September 1997 for absenteeism.

The IJ also reasonably found that Spaho's inability to remember why he was home during the 2000 bombing of his house or details about the recent political history of Albania, was inconsistent with his claim that he was a political activist for democratic reform. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) (holding that

3

an IJ may base an adverse credibility determination on "spare" testimony after probing for incidental details). Although some of these inconsistencies, as Spaho argues, may have been minor, the IJ did not err in relying on them in conjunction with one another. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("[T]he cumulative effect [of inconsistencies ancillary to the claim] may nevertheless be deemed consequential by the fact-finder.").

Because substantial evidence supports the agency's adverse credibility determination, we need not consider its alternate bases for denying relief. Furthermore, the agency did not err in denying Spaho's claims for withholding of removal and CAT relief based on its adverse credibility determination because all of Spaho's claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4