09-2829-ag
Khadka v. Holder

BIA
Balasquide, IJ
A094 778 595

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of August, two thousand ten.

PRESENT:
>       ROBERT D. SACK,
>       REENA RAGGI,
>       GERARD E. LYNCH,
>           *Circuit Judges*.

_____

PURNA BAHADUR KHADKA,
>       *Petitioner*,

>       v.                                         09-2829-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Ramesh K. Shrestha, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ahn-Thu P. Mai-Windle, Senior Litigation Counsel; Lynda A. Do, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Purna Bahadur Khadka, a native and citizen of Nepal, seeks review of a June 4, 2009 order of the BIA affirming the August 16, 2007 decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Purna Bahadur Khadka*, No. A094 778 595 (B.I.A. June 4, 2009), *aff'g* No. A094 778 595 (Immig. Ct. N.Y. City Aug. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA's decision addressed only the IJ's nexus finding, we need not reach either the IJ's adverse credibility determination or his finding that Khadka failed to demonstrate harm rising to the level of persecution. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, "we assume, but do not determine," Khadka's credibility for purposes of our analysis. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

To establish eligibility for asylum and withholding of removal, an alien must demonstrate that any persecution that he has suffered or that he fears suffering is on account of his race, religion, nationality, political opinion, or membership in a particular social group.  *See* 8 U.S.C. § 1101(a)(42) (asylum); *id.* § 1231(b)(3) (withholding of removal).  Under the REAL ID Act, an applicant must also demonstrate that a protected ground "was or will be at least one central reason for" the claimed persecution.  *Id.* § 1158(b)(1)(B)(i) (emphasis added).  In light of these standards, we find no error in the agency's determination that Khadka failed to demonstrate that any harm he endured bore a sufficient nexus to a protected ground.

Contrary to Khadka's argument, the agency reasonably determined that his wealth, and not his political opinion or status as a member in the purported social group of "ex-army men," was the central reason for his persecution.  *See id.* Indeed, the record demonstrated that the Maoists who harmed Khadka "took his house in order to get the money, and at other times . . . indicated that they wanted 300,000 NP's."

3

While Khadka asserts that the agency's finding failed to take into account the overall socio-political context in Nepal, *cf. Vumi v. Gonzales*, 502 F.3d 150, 156-59 (2d Cir. 2007), the record does not compel such a conclusion.  Far from ignoring the fact that political turmoil existed between the Nepali Congress Party and the Nepali Maoist Party, the agency simply found that Khadka failed to demonstrate a connection to the Nepali Congress Party that would support the conclusion that the harm he suffered was politically motivated.  *See* 8 U.S.C. § 1158(b)(1)(B)(i).  Consequently, because Khadka failed to demonstrate that his harm bore a sufficient nexus to a protected ground, his applications for asylum and withholding of removal necessarily fail.  *See id.* §§ 1101(a)(42), 1231(b)(3).

No different conclusion is warranted with respect to Khadka's application for CAT relief, as the BIA reasonably concluded that Khadka failed to demonstrate that it was more likely than not that he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk