10-458-ag
Osmanaj v. Holder

BIA
Vomacka, IJ
A079 419 035

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> *Circuit Judges*.

_____

HYSNI OSMANAJ,
> *Petitioner*,

v.                                          10-458-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:           Sam Gjoni, New York, New York.

FOR RESPONDENT:           Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation; Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hysni Osmanaj, a native and citizen of Kosovo, seeks review of a January 20, 2010, order of the BIA affirming the February 4, 2008, decision of Immigration Judge ("IJ") Alan A. Vomacka denying Osmanaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hysni Osmanaj*, No. A079 419 035 (B.I.A. Jan. 20, 2010), *aff'g* No. A079 419 035 (Immig. Ct. N.Y. City Feb. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Even presuming Osmanaj's credibility, as the BIA did, the change in conditions in Kosovo is dispositive of Osmanaj's petition. Osmanaj's argument that the IJ erred in failing to place the burden of rebutting the presumption of a well-founded fear of future persecution by demonstrating changed country conditions on the government is unavailing. Although past persecution creates a rebuttable presumption of a well-founded

2

fear of future persecution, 8 C.F.R. § 1208.13(b)(1), the presumption may be rebutted if an IJ "finds by a preponderance of the evidence [that t]here has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of [one of the protected grounds] upon the applicant's removal to that country," 8 C.F.R. § 1208.16(b)(1)(i). The government bears the burden of demonstrating a fundamental change in country conditions. *See, e.g., Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). The IJ properly noted in his decision that this burden fell on the Department of Homeland Security ("DHS"). The IJ then went on to consider all of the materials in evidence, including materials submitted by Osmanaj, and concluded that the evidence demonstrated "a dramatic change, a sufficient change which would rebut any presumption that [Osmanaj] ha[d] a well-founded fear of persecution . . . at this time." This finding is supported by the record, which establishes that conditions in Kosovo are currently safe for ethnic Albanians, such as Osmanaj.

Osmanaj also challenges the BIA's denial of humanitarian asylum. The regulations provide for the possibility of a discretionary grant of asylum in the absence of a well-founded fear of persecution where "[t]he applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution." 8 C.F.R. § 208.13(b)(1)(iii)(A). A grant of humanitarian asylum, however, "is reserved for atrocious forms of persecution, and requires an alien to establish both the severe harm and the long-lasting effects of that harm." *Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010) (internal citations omitted). The BIA did not err in

3

finding that Osmanaj failed to demonstrate his eligibility for humanitarian asylum, as his past persecution, if any, consisted of being detained and beaten on one or two occasions by Serbian authorities in 1998; this level of mistreatment does not rise to the level of severity required for a grant of asylum under 8 C.F.R.§ 208.13(b)(iii)(A). *See, e.g., Jalloh v. Gonzales*, 498 F.3d 148 (2d Cir. 2007) (finding past persecution not sufficiently severe where the alien was beaten, his wife raped, and their house burned, and he was held captive for two weeks, during which he was beaten and threatened with death and amputation); *Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir. 2006) (upholding denial of humanitarian asylum to supporter of the Democratic Party in Albania who was beaten and harassed on six occasions); *Lecaj*, 616 F.3d at 120 (finding that record "[did] not remotely show past persecution so severe as to warrant humanitarian asylum" where petitioner was frequently harassed and was arrested, interrogated, and beaten by police at least once on account of his Albanian ethnicity); *cf. Matter of Chen*, 20 I. & N. Dec. 16 (BIA 1989) (granting humanitarian asylum to applicant who, among other harms, was locked in room for six months; kicked, bitten, and deprived of food; struck in the head with rocks; subjected to "re-education" over a period of approximately ten years; and suffered ongoing physical and psychological harm as a result).

Osmanaj further argues that he established eligibility for withholding of removal and CAT relief. Because his claims are based on the same factual predicate, the agency's

4

finding of changed country conditions was a proper basis for the denial of his asylum, withholding of removal, and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5