Sherpa v. Holder

BIA
Videla, IJ
A089 918 914

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of March, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

SINGE SHERPA,
> *Petitioner,*

v.                                    13-993
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Karen Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Singe Sherpa, a native and citizen of Nepal, seeks review of a February 26, 2013 order of the BIA affirming the June 28, 2011 decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Singe Sherpa,* No. A089 918 914 (B.I.A. Feb. 26, 2013), *aff'g* No. A089 918 914 (Immig. Ct. N.Y. City June 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Our scope of review is limited to consideration of whether Sherpa met his burden of proof for asylum, withholding of removal, and CAT relief, because the BIA declined to address or explicitly affirm the

2

other aspects of the IJ's decision.  *See Xue Hong Yang*, 426 F.3d at 522.

Sherpa argues that he suffered past persecution at the hands of Maoists in Nepal who threatened to take him by force if he refused to join them.  However, as Sherpa testified, the Maoists did not physically harm him, but merely threatened to do so.  The agency therefore reasonably found that the Maoists' unfulfilled threats did not constitute persecution.  *See Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).

Sherpa also asserts that he established a well-founded fear of future persecution by Maoists because he opposed them politically as a member of the Nepalese Congress Party ("NCP").  In order to demonstrate that persecution bears a nexus to an applicant's political opinion, the applicant must show that the persecutor was motivated by his or her perception of the applicant's opinion, rather than merely by his or her own opinion.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).  Sherpa testified that the Maoists targeted him because his father was a village chief years earlier, and stated that even his wife did not have

knowledge that he was a member of the NCP. Furthermore, the background materials, particularly the 2010 State Department Human Rights Report and 2011 State Department Travel Advisory, reflect that Maoists continued to foster violence in Nepal through "arbitrary and unlawful killings," but indicate that they do not target any particular group of people. Given the lack of evidence demonstrating that Sherpa would be targeted by Maoists, the agency reasonably found that he failed to establish an objectively reasonable well-founded fear of persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999).

Because Sherpa was unable to show the objective fear of harm needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4