14-2529
*Sattar Nessa v. Lynch*

BIA
Vomacka, IJ
A094 939 002

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*
_____

M D MAIN SATTAR NESSA, AKA MOHAMMED
MAIN SATTAR NESSA, AKA MOHAMMED
MAIN UDDIN,
> *Petitioner,*

> v.                                                14-2529
>                                                   NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*
_____

FOR PETITIONER:          David J. Rodkin, New York, New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Justin R. Marken,

Senior Litigation Counsel; Robert D. Tennyson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner M D Main Sattar Nessa, a native and citizen of Bangladesh, seeks review of a June 20, 2014, decision of the BIA affirming a June 28, 2013, decision of an Immigration Judge ("IJ") denying Sattar Nessa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re M D Main Sattar Nessa, a.k.a. Mohammed Main Sattar Nessa, a.k.a. Mohammed Main Uddin,* No. A094 939 002 (B.I.A. June 20, 2014), *aff'g* No. A094 939 002 (Immig. Ct. N.Y. City June 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8

2

U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The regulations require IJs to exercise the Attorney General's discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the Government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear. 8 C.F.R. § 1208.13(b)(1). We review the agency's factual findings regarding changed country conditions for substantial evidence. *Lecaj v. Holder*, 616 F.3d 111, 114-115 (2d Cir. 2010).

Here, the IJ reasonably found that although Sattar Nessa credibly established past persecution by the Bangladesh Nationalist Party ("BNP") based on his membership in the Awami League ("AL"), entitling him to a presumption of future persecution, that presumption was rebutted by changed circumstances in Bangladesh. The IJ reasonably relied on human rights reports on Bangladesh issued by the U.S. Department of State, and we have held that such reports are "usually the best available source[s] of information on country conditions." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d

3

Cir. 2006) (citations and internal quotation marks omitted)); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Although the 2007 State Department Report suggested that conditions in Bangladesh had worsened under BNP rule, the 2008 State Department Report provided that the AL had won the majority of parliamentary seats in the national election, which was "free and fair," though "marked by isolated irregularities and sporadic violence." The 2008 Report identified no instance of recent violence against AL members by the BNP.

The 2012 State Department Report on Bangladesh also provided substantial support for the IJ's findings. It showed that the AL had remained in power since the election four years earlier. Although the 2012 Report did suggest that "politically motivated violence remained a problem," it reported few specific instances of such violence and described those instances as internal to the parties or linked to criminal activities. Furthermore, the only specific example of politically motived violence discussed in the 2012 Report was committed by "members of the student wing of the ruling party," who "beat and killed a passerby . . . because they thought he belonged to the opposition party." *See Jian Hui Shao v.*

4

*Mukasey*, 546 F.3d 138, 153 (2d Cir. 2008) (noting that "isolated reports" of persecution were insufficient to suggest that an alien would be singled out for persecution). Contrary to Sattar Nessa's argument, the IJ considered the particular circumstances of his case, and determined that no contrary or countervailing evidence was presented to undermine the findings of the State Department Reports. *See Lecaj*, 616 F.3d at 115–16. Therefore, the agency's finding that the presumption that Sattar Nessa will be persecuted in Bangladesh was rebutted by changed country conditions is supported by substantial evidence. This finding formed an adequate basis to deny asylum, withholding of removal, and CAT relief. *Id.* at 119–20.

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk