20-3987
Aparicio Meza v. Garland

BIA
Nelson, IJ
A206 694 590/591

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

LORENA PATRICIA APARICIO MEZA, K.P.
SALAMANCA APARICIO,
> *Petitioners*,

v.                                                                          20-3987
                                                                            NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:              Usman B. Ahmad, Esq., Long Island City, NY.

FOR RESPONDENT:              Bryan Boynton, Acting Assistant Attorney General;
                              Paul Fiorino, Senior Litigation Counsel; Virginia Lum,
                              Trial Attorney, Office of Immigration Litigation,
                              United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration

Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the

petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Petitioners Lorena Patricia Aparicio Meza and her minor daughter, K.P., natives and citizens of El Salvador, seek review of a November 2, 2020 decision of the BIA affirming an August 29, 2018 decision of an Immigration Judge ("IJ"), which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lorena Patricia Aparicio Meza, K.P. Salamanca Aparicio,* Nos. A 206 694 590/591 (B.I.A. Nov. 2, 2020), *aff'g* Nos. A 206 694 590/591 (Immigr. Ct. N.Y. City Aug. 29, 2018). Petitioners alleged that K.P.'s father, Ever, witnessed a MS-13 murder in El Salvador and that gang members threatened him for testifying and killed his father and uncle a few years later. Petitioners asserted that they would be persecuted or tortured on account of their membership in the particular social group of "immediate family members of witnesses." Pet'r's Br. at 10. We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because the BIA focused on the nexus between the feared harm and the proposed social group of immediate family members of witnesses, and did not address whether petitioners were members of the proposed group or whether such a group is cognizable, we limit our review of asylum and withholding of removal to the nexus determination. *See Urgen v. Holder*, 768 F.3d 269, 272 (2d Cir. 2014) (per curiam) (declining to review issue where the BIA did not address it "at all and rested its decision entirely on other grounds").

The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks and citations omitted). "That standard requires a certain minimum level of analysis from the IJ and BIA, as well as some indication that the IJ considered material evidence supporting a petitioner's claim." *Ojo v. Garland*, 25 F.4th 152, 160 (2d Cir. 2022) (internal quotation marks and citations omitted). Thus, we "will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed." *Manning v. Barr*, 954 F.3d 477, 484 (2d Cir. 2020) (alteration adopted) (internal quotation marks and citation omitted).

To establish eligibility for asylum or withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *Quituizaca v. Garland*, 52 F.4th 103, 107–14 (2d Cir. 2022) (holding that "one central reason" standard applies to both asylum and withholding of removal). The applicant "must provide *some* evidence of [the persecutors' motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

According to the testimony presented at the hearing, Ever, who is Aparicio Meza's partner and K.P.'s father, testified at trial in El Salvador against members of the MS-13 gang. As retaliation, members of MS-13 threatened to kill him. Subsequently, MS-13 killed Ever's uncle and father, and his cousin mysteriously disappeared. Additionally, while Aparicio Meza was traveling for her work as a credit analyst, MS-13 members ambushed her and told her she had to pay them a weekly fee or they would harm her and her daughter.

3

Petitioners argue that the IJ and BIA erred by ignoring evidence regarding the murder of Aparicio Meza's family members, which she contends supported her claim of fear of future persecution. As set forth below, we conclude that the agency may not have considered this material evidence, and, thus, we remand for the agency to fully evaluate the evidence.

Neither the IJ nor the BIA analyzed whether the murder and disappearance of Ever's family members supported petitioners' claim of fear of future persecution. Instead, the BIA's analysis focused exclusively on Aparicio Meza's allegation that MS-13 tried to extort her based on her employment. Evaluating the extortion attempt, the BIA concluded that petitioners failed to provide evidence linking the extortion to Ever's status as a witness. We find no basis to disturb that conclusion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

However, the BIA's decision did not mention the murders of petitioners' family members. As discussed above, petitioners presented evidence that Ever's father and uncle were murdered by MS-13, and his cousin disappeared and was presumed dead. Aparicio Meza testified that she was afraid of returning to El Salvador because of these murders. Similarly, Ever testified that he was also afraid to return to El Salvador because MS-13 had already killed his father and uncle. Although Petitioners did not adduce any direct evidence that the murders and disappearance were due to Ever's status as a witness against members of MS-13, there was circumstantial evidence that required "a certain minimum level of analysis from the IJ and BIA, as well as some indication that the IJ considered material evidence supporting a petitioner's claim." *Ojo*, 25 F.4th at 160 (internal quotation marks and citation omitted). Accordingly, we remand to provide the agency the opportunity to fully consider whether the murders and disappearance of Ever's family members

4

support petitioners' claim of fear of future persecution. *See, e.g.*, *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 342–43 (2d Cir. 2006) (finding that the "IJ . . . did not evaluate, or even meaningfully acknowledge" evidence favorable to the petitioner, "and [that] we must therefore give the IJ opportunity to do so"). The remand, as it relates to future persecution or torture, applies to petitioners' claims for asylum, withholding of removal, and relief under the CAT.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is vacated, and the case is REMANDED for further proceedings consistent with this opinion. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court